UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HORNE,

    Plaintiff,

  v.

PLACER COUNTY TRANSIT, et al.,

    Defendants.

No. 2:15-cv-2667-JAM-EFB PS

ORDER

    Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

    Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiff's complaint fails to state a claim and must therefore be dismissed.

    Here, it is apparent from the face of the pleading that the complaint must be dismissed for failure to state a claim.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8    relief above the speculative level on the assumption that all of the complaint's allegations are
9    true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   In reviewing a complaint under this standard, the court must accept as true the allegations
13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),
14   construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the
15   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy
16   the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2)
17   "requires a complaint to include a short and plain statement of the claim showing that the pleader
18   is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds
19   upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing
20   *Conley v. Gibson*, 355 U.S. 41 (1957)).

21   A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules
22   of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of
23   the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of
24   what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
25   554, 562-563 (2007) (citing Conley v. Gibson, 355 U.S. 41 (1957)).

26   Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
27   those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*,
28   511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,

confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The court has reviewed plaintiff's complaint and finds that it must be dismissed because it does not comply with Rule 8 or state a claim upon which relief may be granted.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  At a minimum plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading naming many defendants with an unexplained, tenuous or implausible connection to the alleged constitutional injury or a mere laundry list of unrelated claims does not suffice.

Rather than submitting a "short and plain statement" of his claims, plaintiff has filed a complaint that consists of forty, single-spaced typed pages which fail to identify what claim(s) is being presented against what defendant(s).  *See generally* ECF No. 1.  The complaint purports to name more than 30 defendants, but is devoid of any allegations demonstrating the named defendants engaged in any particular wrongful conduct giving rise to any particular cause of action.  *Id.*  Furthermore, some of the named defendants are not readily ascertainable individuals

3

or entities. For instant, plaintiff's list of defendants includes "all group homes," "all residential treatment centers," and "smokers." *Id*. at 1-2.

The complaint consists of little more than disjointed allegations concerning a variety of topics, none of which appear to have anything to do with the named defendants. It rambles on at length about how plaintiff has a constitutional right to make a living by recycling goods and that he has been denied access to various public places because he typically carries a bag of recyclables. *See generally* ECF No. 1 at 8-23. The complaint is also replete with references to the founding fathers, the bill of rights, civil rights leaders, statements about how his mother provided him with an informal legal education, and allegations of unspecified individuals harassing him. *Id*. But plaintiff does not allege a cause of action against any specific defendant.

Plaintiff also claims that he received a citation for having a shopping cart in his possession and that he can prove that a "no shopping cart law" is unconstitutional. *Id*. at 23-27. Plaintiff also takes issue with unidentified people smoking next to children at bus stops, and claims that such people should be sent "to prison for attempted murder because smoking cause (cancer) [sic], cancer causes death . . . ." *Id*. at 34. He further alleges that he has "attention deficit and hyper activity disorder, borderline, mild, and moderate retardation, asthma, tone deaf, volume deaf, heat stroke, and heat exhaustion," and that he is speaking on behalf of other "gifted and unique people who do not have a voice." *Id*. The foregoing is merely a sample of the various disjointed allegations that seemly have nothing in common and no relation to the named defendants. The complaint fails to comply with Rule 8, and the vague and incoherent allegations are insufficient to state a cognizable claim for relief.

Furthermore, it is not clear from plaintiff's complaint whether this court has subject matter jurisdiction over plaintiff's claim(s), since the complaint does not allege diversity of the parties and it is unclear how the facts alleged in the complaint would give rise to a federal claim. Thus, the complaint must also be dismissed for lack of subject matter jurisdiction.

Plaintiff is granted leave to file an amended complaint, if he can allege a basis for this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

(district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must

/////

/////

1  be labeled "First Amended Complaint."  Failure to timely file an amended complaint in

2  accordance with this order will result in a recommendation this action be dismissed.

3  DATED:  June 9, 2016.

        EDMUND F. BRENNAN
        UNITED STATES MAGISTRATE JUDGE